James T. Towe
Towe & Fitzpatrick, PLLC
619 SW Higgins, Ste. O
PO Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Facsimile: (406) 493-0538
jamie@towefitzlaw.com
Attorneys for Plaintiff

## MONTANA FOURTH JUDICIAL DISTRICT COURT,

## MISSOULA COUNTY

| | |
|---|---|
| STEVEN NEI, | ) Dept. No. 3 |
| Plaintiff, | ) Cause No. ᗷⱱ-17-781 |
| vs. | ) John W. Larson |
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, AND RELATED TRAVELERS COMPANIES, | ) **SUMMONS** |
| Defendants. | ) |

The State of Montana to the above-named defendant, The Travelers Home and Marine Insurance Company:

You are hereby summoned to answer the complaint in this action which is filed in the office of the clerk of this court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney within twenty-one (21) days after the service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Witness my hand and the seal of said court, this 2ᴺᴰ day of August, 2017.

*Shirley E. Faust*
CLERK OF COURT

(S E A L)

By_____
Deputy Clerk

SUMMONS                                                                 Page 1

1 | James T. Towe
Towe & Fitzpatrick, PLLC
2 | 619 S.W. Higgins, Ste. O
P.O. Box 1745
3 | Missoula, MT 59806
Telephone: (406) 829-1669
4 | Facsimile: (406) 493-0538
jamie@towefitzlaw.com
5 | Attorneys for Plaintiff

FILED AUG 02 2017

SHIRLEY E. FAUST, CLERK
By_____Michael Evjen
Deputy

6

7

8       MONTANA FOURTH JUDICIAL DISTRICT COURT,

9                MISSOULA COUNTY

10 | STEVEN NEI,             ) Dept. No. *3*

11 |     Plaintiff,        ) Cause No. DV-17-781

12 |       vs.              )              John W. Larson

13 | THE TRAVELERS HOME AND MARINE  ) **COMPLAINT AND DEMAND**
INSURANCE COMPANY, AND RELATED ) **FOR JURY TRIAL**
14 | TRAVELERS COMPANIES,      )

15 |     Defendants.        )

16

17       COMES NOW the Plaintiff, Steven Nei, by and through his counsel of

18 record and hereby makes the following claims against Defendant, The Travelers

19 Home and Marine Insurance Company and any of its related Travelers companies.

20 ("Travelers").

21              **I. JURISDICTION AND VENUE**

22     1.    Steve Nei is a Montana citizen. He is a resident of Missoula,

23 Montana.

24     2.    Travelers is a foreign insurance company that is incorporated outside

25 of the state of Montana. Travelers has done business in and continues to do

26 business in Montana. Pertinent to this case, Travelers was conducting business in

27 Montana through its insurance adjusters and lawyers from Missoula, Montana,

28 regarding Steve Nei's claims. Jurisdiction and venue are, therefore, proper before

COMPLAINT AND DEMAND FOR JURY TRIAL                  Page 1

COPY

1   this Court.

2                              **II. PARTIES**

3        3.      Steve Nei incorporates by reference all allegations set forth above.

4   He further alleges as follows.

5        4.      On January 6, 2015, Steve Nei was injured in a car wreck on

6   Highway 93 near Florence, Montana.  The elderly woman who negligently caused

7   the wreck was insured by USAA.  She did not have adequate liability insurance for

8   Steve Nei's injuries and damages.

9        5.      At all times pertinent to this case, Steve Nei purchased automobile

10  insurance from Travelers to protect him and his family.

11       6.      Travelers is an insurance company which sold Steve Nei automobile

12  insurance policies with underinsured and medical payment coverages.

13       7.      Travelers engages in the insurance business in the State of Montana,

14  including the investigation, handling, and adjusting of automobile insurance

15  claims.

16             **III. FACTS COMMON TO ALL OF PLAINTIFF'S CLAIMS**

17       8.      Steve Nei incorporates by reference all allegations set forth above.

18  He further alleges as follows.

19       9.      Steve Nei is entitled to the underinsured and medical payment

20  coverages on his vehicles insured by Travelers.

21       10.     Steve Nei suffered serious injuries which cost him his career as a

22  truck driver.  The liability insurer paid its liability limits well over a year ago.

23  Since then, Steve Nei has notified Travelers and provided Travelers with all

24  pertinent proof of loss information regarding his injuries and damages.

25       11.     After Travelers was notified of Steve Nei's claim, it took the position

26  that his claim was not worth more than the liability limits.  Since then, Travelers

27  has refused to offer or pay anything to Steve Nei under its medical payment or

28  UIM coverages.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 2

1      12.     Steve Nei is entitled to stack the underinsured motorist and medical
2  payment coverages provided on his three vehicles insured with Travelers at the
3  time of the wreck.

4      13.     On January 6, 2015, Steve Nei was driving with his daughter in their
5  Ford Taurus. They were traveling southbound on Highway 93.

6      14.     A 78-year-old woman from the Bitterroot Valley, Shirley McDonald,
7  ran a stop sign at the intersection of Sweeney Creek Loop and Highway 93. She
8  drove her Dodge SUV in front of Steve Nei and his daughter.

9      15.     Steve Nei tried to stop and swerve to avoid a collision. He hit the
10  Dodge SUV at highway speeds.

11      16.     Shirley McDonald negligently caused the wreck. She was ticketed by
12  the Montana Highway Patrol. Her liability insurance company accepted liability.

13      17.     Steve Nei's car was totaled. Steve Nei was badly injured. At impact,
14  his hand hit and broke the windshield. His body was twisted in the driver's seat.

15      18.     As a result of the violent impact and forces involved, Steve Nei has
16  been diagnosed with severe injuries to his brain, spine, arm, hand, and extremities.

17      19.     Steve Nei remembers coming to and hearing his daughter, Sadie Nei,
18  screaming uncontrollably in the back seat. Steve Nei has had flashbacks and
19  nightmares about the exploding sounds from the collision and the airbags
20  deploying, the smell and taste of the smoke and chemicals, burning in his lungs,
21  and his daughter's screaming.

22      20.     Steve Nei was taken by ambulance to the hospital in Missoula
23  because of head pain, back pain, knee pain, neck pain, and left upper extremity
24  pain. He was also suffering from dizziness, fuzziness, and other symptoms
25  consistent with a head injury.

26      21.     Steve Nei has undergone extensive medical treatment trying to find
27  relief from the chronic pain and problems that he has suffered since the wreck. He
28  has had physical therapy, injections, and tried various medications. He has been

COMPLAINT AND DEMAND FOR JURY TRIAL               Page 3

1   diagnosed with permanent and disabling injuries caused by the wreck.

2          22.    Since the fall of 2015, Steve Nei has been treated by Dr. Rosen in

3   Missoula.

4          23.    Dr. Rosen is a well known and respected chronic pain and head injury

5   specialist.

6          24.    Dr. Rosen's evaluations have noted problems with back pain,

7   numbness, tingling, and weakness radiating into Steve Nei's legs, neck pain, and

8   headaches. Dr. Rosen also noted significant issues with changes in Steve Nei's

9   mood, difficulty sleeping, and memory attributable to a traumatic brain injury. As

10  noted in Dr. Rosen's and other medical records, Steve Nei's personality and brain

11  functions have changed after the wreck. This, in turn, has impacted his

12  relationships with family and friends and his ability to function on a daily basis as

13  he was able to do before the wreck.

14         25.    Dr. Rosen's impressions from his initial evaluation in September of

15  2015 include a Grade 3 concussion, history of PTSD, post-traumatic headaches,

16  sleep dysfunction, left ulnar neuropathy with associated motor apraxia, and low

17  back pain at the lumbosacral junction and SI joint. He attributed Steve Nei's leg

18  symptoms to nerve injury and nerve damage and/or lumbosacral and SI joint

19  dysfunction. PTSD and ongoing pain have contributed to "a social, vocational,

20  and avocational upheaval in his life." Steve Nei's decreased function was related

21  to the injuries in the wreck. Dr. Rosen's records state: "Steve is not capable,

22  physically or mentally, of returning to full time competitive employment" and he

23  anticipated that disability "will last at least another year."

24         26.    Other medical records from Dr. Rosen and other medical providers

25  that Steve Nei has provided to Travelers indicate that Steve Nei is not able to

26  return to work in any gainful, full-time employment. Steve Nei has undergone

27  counseling and tried numerous medications for depressive disorder, PTSD, and

28  difficulties with sleep and anxiety.

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 4

27.    Steve Nei's problems have not gone away.  He is unable to return to his job.  Dr. Rosen's continued evaluations document that Steve Nei is not gainfully employable due to his injuries.  Travelers has been provided with numerous medical records stating that Steve Nei is disabled from his previous job and full-time, gainful employment because of his injuries.

28.    Steve Nei has also suffered and continues to suffer daily pain and problems from his injuries as set forth in medical records provided to and/or released to Travelers.

29.    In 2009, Steve Nei purchased automobile insurance from Travelers. From 2009 through the date of the wreck, and for some time afterwards, Steve Nei paid Travelers monthly premiums for automobile insurance on his vehicles.

30.    Travelers accepted premiums and, in turn, promised to pay coverage for underinsured motorists and medical bills, should it become necessary.

31.    Steve Nei paid Travelers for medical payment coverage of $5,000 for each of his vehicles.

32.    Steve Nei paid Travelers for underinsured motorist coverage of $500,000 for each of his vehicles.

33.    Steve Nei and his family bought underinsured motorist coverage to provide them with protection in case someone in their family was injured from a negligent driver who did not have adequate liability insurance coverage.

34.    The insurance agents informed Steve Nei that he would be entitled to collect all damages caused by an underinsured motorist from his Travelers insurance policy.

35.    At the time of the wreck described above, Steve Nei and his family had three vehicles insured by Travelers.

36.    The medical payment coverages available to Steve Nei are to be stacked for a total limit of $15,000.

37.    The underinsured motorist coverages available to Steve Nei are to be

COMPLAINT AND DEMAND FOR JURY TRIAL                                    Page 5

1   stacked for a total limit of $1,500,000.

2        38.    Steve Nei notified Travelers about his injuries shortly after the wreck.

3        39.    Travelers knew or should have known that Steve Nei is entitled to

4   underinsured motorist and medical payment coverages.

5        40.    In 2015, Steve Nei provided Travelers with the release it requested to

6   obtain medical records and other information.

7        41.    Steve Nei has, since that time, informed Travelers that the liability

8   limits were exhausted.

9        42.    Steve Nei has provided Travelers with his medical records

10   demonstrating that his injuries disable him from returning to work as a truck

11   driver.

12        43.    Steve Nei has provided Travelers with proof of medical expenses

13   related to the wreck in excess of the Travelers' medical payment limits of $15,000.

14        44.    Steve Nei has provided Travelers with proof of his lost wages and

15   earnings records showing that he was earning around $85,000 per year at the time

16   of the wreck, not including fringe benefits.

17        45.    As a result of the wreck and his injuries, Steve Nei has lost his CDL

18   and cannot work as a truck driver.

19        46.    Travelers did not pay Steve Nei its medical payment limits of

20   $15,000.

21        47.    Travelers paid some of the medical bills from Steve Nei's medical

22   providers, but refused to pay others.

23        48.    Steve Nei's medical expenses to date are over $36,000. He continues

24   to need ongoing medical treatment due to his injuries.

25        49.    Steve Nei suffers continuing disabilities and limitations from his

26   injuries. He has incurred and will continue to incur medical expenses, past and

27   future lost earnings and loss of earning capacity, loss of enjoyment of life, pain

28   and suffering, and emotional distress.

50.    Steve Nei has suffered and continues to suffer pain and problems related to his injuries. His compensatory damages for wage loss, medical expenses, and the impact this has had on his life exceed the underinsured motorist and medical payment benefits that he purchased from Travelers.

51.    Based upon the above, Steve Nei asserts the following claims.

### IV. COUNT ONE – DECLARATORY RELIEF

52.    Steve Nei incorporates by reference all allegations set forth above. He further alleges as follows.

53.    Steve Nei seeks a declaratory ruling that he is entitled to medical payment coverages of $5,000 per vehicle which should be stacked under Montana law, resulting in $15,000 in medical payments.

54.    Steve Nei seeks a declaratory ruling that he is entitled to underinsured motorist coverages of $500,000 per vehicle which should be stacked under Montana law, resulting in $1.5 million in underinsured motorist coverage.

55.    Steve Nei has been medically disqualified from his previous job. He was 50 years old at the time of the wreck. Assuming a normal retirement age, Steve Nei's lost wages and medical expenses, past and future, exceed the Travelers' insurance policy limits for each vehicle and all of them combined. When the impact on his life is considered, his damages greatly exceed the Travelers' limits.

56.    Travelers has refused to issue any payments or offer anything from any of its limits for the vehicles Steve Nei had insured with Travelers, other than paying some of the medical bills.

57.    Travelers has refused to provide any information that it has collected to investigate and evaluate Steve Nei's claim or that would support its refusal to offer anything.

58.    Travelers knew or should have known, based upon the available information, that Steve Nei's damages exceed its limits.

59.     Instead of recognizing and complying with its fiduciary obligations and taking care of its policyholder, Travelers has decided to deny and delay payment.

60.     Travelers has used a pattern of making requests for irrelevant or duplicate information, information that does not exist, and by seeking to hire forensic medical examiners to justify its own predetermination about this claim.

61.     Travelers has refused to cooperate and provide information that Steve Nei authorized it to obtain or that it was obtaining to evaluate, delay, or deny his claim.

62.     Steve Nei requests a ruling that the total limits applicable to this claim, when stacked, are $1,515,000.

63.     Steve Nei requests that Travelers be required to pay the policy limits.

64.     Steve Nei requests that Travelers pay attorneys' fees and costs under the circumstances.

## V.  COUNT TWO - STATUTORY VIOLATIONS

65.     Steve Nei incorporates by reference all allegations set forth above. He further alleges as follows.

66.     Insurance companies doing business in Montana are obligated to conduct a prompt and reasonable investigation of all claims.

67.     Insurance companies doing business in Montana are required to attempt to effectuate a prompt and fair settlement of all claims.

68.     Travelers knew or should have known that it was required to deal fairly with Steve Nei, act in good faith at all times, and communicate clearly, honestly, and completely with him while handling his claim.

69.     Travelers and other insurance companies are required not to place their own economic interests over the obligation to take care of their insureds.

70.     Travelers violated its responsibilities under Mont. Code Ann. § 33-18-201, et. seq.  Pursuant to Mont. Code Ann. § 33-18-242, Steve Nei asserts

1 claims for Travelers' violations of § 33-18-201.

2   71. Travelers was provided with the pertinent medical records and wage

3 loss information supporting Steve Nei's claims. Travelers was authorized to

4 obtain and did otherwise obtain pertinent information regarding Steve Nei, his

5 injuries, and his claim.

6   72. Instead of fairly and promptly evaluating the pertinent information,

7 Travelers decided to deny Steve Nei's claim.

8   73. Travelers made a predetermined evaluation of Steve Nei's claim

9 while Steve Nei was still undergoing medical treatment and before the liability

10 insurance carrier paid its policy limits. After that, Travelers has engaged in a

11 pattern of conduct in order to support its predetermination and deny paying Steve

12 Nei the benefits that it owed to him under its insurance policy's coverages.

13   74. Travelers refused to accept the statements from Steve Nei's medical

14 providers, including Dr. Rosen, that Steve Nei was unable to return to work.

15 Instead of accepting medical proof, Travelers decided to delay payments by

16 insisting on obtaining private and irrelevant medical records and other

17 information.

18   75. Travelers has delayed things further by stating that it needed more

19 information before it could send Steve Nei to its hand-picked doctors for forensic

20 medical evaluations in order to support its position. It failed to attempt to

21 schedule any such appointments, identify who Steve Nei should see, or when he

22 should attend any such appointments. It appears that Travelers wanted to obtain a

23 forensic psychiatrist to provide testimony favorable to it regarding Steve Nei's

24 injuries and damages.

25   76. Instead of having any medical records reviewed or taking his

26 statement, Travelers continued its pattern of insisting that Steve Nei provide

27 irrelevant information, duplicate information, information that could not be

28 obtained, and information that was subject to privacy rights. Travelers also

COMPLAINT AND DEMAND FOR JURY TRIAL          Page 9

1  claimed not to have information that it actually had or had access to obtain.

2      77.    Instead of treating Steve Nei fairly, Travelers also refused to
3  cooperate and share any information that it had obtained about him or any
4  information which it was supposed to be considering to evaluate his claim.

5      78.    If Travelers had been acting in good faith, it would have considered
6  and evaluated the medical information and damages information pertinent to Steve
7  Nei's claim and reasonably and fairly offered to resolve his claim or made
8  payments to him.

9      79.    Travelers' actions and omissions have included:  misrepresenting
10  pertinent facts and policy provisions; failing to act reasonably promptly; refusing
11  to pay claims without conducting a reasonable investigation based on the readily-
12  available and relevant information; failing to affirm or deny coverage of claims
13  under the insurance policy provisions within a reasonable time after relevant proof
14  of loss statements were completed; failing to attempt in good faith to effectuate a
15  fair and equitable settlement; requiring Steve Nei to pursue litigation to obtain
16  benefits and information that Travelers should have provided; and failing to
17  explain and support the detailed bases in law or in fact for its position.  Travelers'
18  conduct is part of a pattern to deny or delay payment of claims which violates
19  Montana's insurance laws, including Mont. Code Ann. §§ 33-18-201(1)(2)(4)(5)
20  (6)(7) and (14).

21      80.    Steve Nei has suffered damages as a result of Travelers' conduct.  He
22  paid insurance premiums for the peace of mind and protection afforded by medical
23  payment and underinsured motorist coverages.  Instead of paying any of these
24  benefits to Steve Nei, Travelers has benefitted from refusing to pay Steve Nei's
25  claims.  Travelers has chosen a business strategy to the detriment of its insurance
26  policy holders and others making claims on account of their injuries.  Travelers'
27  approach to Steve Nei's claim has caused additional stress and problems to
28  someone that Travelers knew to be suffering from a head injury, PTSD,

1   depression, and emotional distress.

2                **VI.  COUNT THREE - COMMON LAW CLAIMS**

3       81.    Steve Nei incorporates by reference all allegations set forth above.

4   He further alleges as follows.

5       82.    Steve Nei alleges that the nature of the relationship under the

6   circumstances required Travelers to act in compliance with the covenant of good

7   faith and fair dealing, observe honesty and fact, and comply with reasonable

8   commercial standards of fair dealings governing insurance companies.  These

9   obligations are heightened in the context of underinsured motorist coverage

10   wherein it is known that a person, by definition, is in need of the protection and

11   security that is supposed to be provided by underinsured motorist coverage.

12       83.    Travelers placed its own interests above its insured and has refused to

13   provide pertinent information regarding its own investigation of Steve Nei's claim

14   and regarding information that it was collecting and relying on to refute his claim.

15              **VII.  COUNT FOUR - PUNITIVE DAMAGES**

16       84.    Steve Nei incorporates by reference all allegations set forth above.

17   He further alleges as follows.

18       85.    Travelers' acts and omissions violated its contractual obligations, the

19   duties imposed above, and are indicative of a general practice designed to defeat

20   claims and place its economic interests over that of its insureds.  This scheme

21   allows Travelers to increase revenues while depriving claimants of compensation

22   to which they are entitled.  Travelers' conduct constitutes actual fraud or actual

23   malice as defined by Montana law.  Punitive damages are justified to punish and to

24   deter this conduct.  Mont. Code Ann. §§ 27-1-220,-221.

25                   **VIII.  DAMAGES**

26       Steve Nei incorporates by reference all allegations set forth above.  He

27   further alleges as follows.

28       WHEREFORE Steve Nei prays for the following relief:

1     1.    For a determination that Travelers is required to pay Steve Nei for all

2 benefits under the three vehicles it insured.

3     2.    For pre-judgment and post-judgment interest as required by Montana

4 law.

5     3.    For all attorneys' fees and costs.

6     4.    For compensatory damages for injuries, delay, distress, and

7 aggravation of injuries given Travelers knew that Steve Nei suffered emotional

8 issues due to a traumatic brain injury and PTSD.

9     5.    For all special and general damages Steve Nei has suffered in

10 amounts to be determined at trial.

11     6.    For punitive damages.

12     7.    For such other and further relief as this Court deems just and proper

13 under the circumstances.

14     Dated this _/s/_ day of August, 2017.

15               TOWE & FITZPATRICK, PLLC

16

17               by: _____

18                    James T. Towe
                          *Attorneys for Plaintiff*

19

20

21               **DEMAND FOR JURY TRIAL**

22     Plaintiff respectfully demands a trial by jury for all issues so triable herein.

23     DATED this _4t_ day of August, 2017.

24               TOWE & FITZPATRICK PLLC

25

26

27               By: _____
                    James T. Towe

28                      *Attorneys for Plaintiff*

James T. Towe
Towe & Fitzpatrick, PLLC
619 S.W. Higgins, Ste. O
P.O. Box 1745
Missoula, MT 59806
Telephone: (406) 829-1669
Facsimile: (406) 493-0538
jamie@towefitzlaw.com
Attorneys for Plaintiff

MONTANA FOURTH JUDICIAL DISTRICT COURT,

MISSOULA COUNTY

STEVEN NEI,                                      ) Dept. No. 3
                                                 )
        Plaintiff,                               ) Cause No. DV-17-781
                                                 )
            vs.                                  ) Hon. John W. Larson
                                                 )
THE TRAVELERS HOME AND MARINE                    ) **NOTICE OF A LAWSUIT**
INSURANCE COMPANY, AND RELATED                   ) **AND REQUEST TO**
TRAVELERS COMPANIES,                             ) **ACKNOWLEDGE AND**
                                                 ) **WAIVE SERVICE OF A**
        Defendants.                              ) **SUMMONS - THE**
                                                 ) **TRAVELERS HOME AND**
                                                 ) **MARINE INSURANCE**
                                                 ) **COMPANY**
_____ )

TO:  Insurance Commissioner
     Office of the Montana State Auditor
     840 Helena Ave.
     Helena, MT 59601
     **Agent for The Travelers Home and Marine Insurance Company**

**Why are you getting this?**

     A lawsuit has been filed against you, or the entity you represent, in this

court under the number shown above.  A copy of the complaint is attached.

     This is not a summons, or an official notice from the court.  It is a request

that, to avoid expenses, you acknowledge and waive formal service of a summons

by signing and returning the enclosed acknowledgment and waiver.  To avoid

these expenses, you must return the signed acknowledgment and waiver within 21

days (42 days if you are the State of Montana, a state agency, or a state officer or

**NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND WAIVE SERVICE OF A
SUMMONS**                                                                    Page 1

1  employee) from the date shown below, which is the date this notice was sent.  Two
2  copies of the acknowledgment and waiver are enclosed along with a prepaid
3  means of returning the signed copy of the notice and the acknowledgment.  You
4  may keep the other copy.

5      **What happens next?**

6      If you return the signed acknowledgment and waiver, I will file it with the
7  court.  The action will then proceed as if you had been served on the date the
8  waiver is filed, but no summons will be served on you and you will have 30 days
9  from the date you sign the acknowledgment and waiver (42 days if you are the
10 State of Montana, a state agency, or a state officer or employee sued in an official
11 capacity) to answer the complaint.

12     If you do not return the signed acknowledgment and waiver within the time
13 indicated, I will arrange to have the summons and complaint served on you, and I
14 will ask the court to require you, or the entity you represent, to pay the expenses of
15 making service.

16     Please read the enclosed statement about the duty to avoid unnecessary
17 expenses.

18     I certify that this request is being sent to you on the date below.

19
20 Date: _9/__/17_____                    _____
21                                            Signature of attorney or unrepresented party
22                                            James T. Towe
23                                            Printed name
24                                            P.O. Box 1745, Missoula, MT 59806
25                                            Address
26                                            jamie@towefitzlaw.com
27                                            E-mail address
28                                            406-829-1669
                                             Telephone Number

NOTICE OF A LAWSUIT AND REQUEST TO ACKNOWLEDGE AND WAIVE SERVICE OF A
SUMMONS                                                                    **Page 2**

1

## DUTY TO AVOID UNNECESSARY EXPENSES

2          Rule 4 of the Montana Rules of Civil Procedure has a provision to avoid the

3    unnecessary expenses of serving a summons and complaint.  A defendant who

4    fails to return a signed acknowledgment and waiver of service requested by a

5    plaintiff will be required to pay the expenses of service, unless the defendant

6    shows good cause for the failure.

7          "Good cause" does not include a belief that the lawsuit is groundless, or that

8    it has been brought in an improper venue, or that the court has no jurisdiction over

9    this matter or over the defendant or the defendant's property.

10         If the acknowledgment and waiver is signed and returned, you can still

11   make these and all other defenses and objections, but you cannot object to the

12   absence of a summons or of service.

13         If you waive service, then you must, within the time specified on the

14   acknowledgment and waiver form, serve an answer or a motion under Rule 12 on

15   the plaintiff and file a copy with the court.

16

17

18

19

20

21

22

23

24

25

26

27

28