IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVEN NEI, | CV 17–137–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, and RELATED TRAVELERS COMPANIES, | |
| Defendants. | |

Defendant Travelers Home and Marine Insurance Company ("Travelers") seeks to bifurcate claims brought by Plaintiff Steven Nei ("Nei") arising out of a 2015 motor vehicle accident. In August 2017, Nei sued Travelers, seeking declaratory relief related to the stacking of his benefits under his underinsured and medical coverage (Count I). (*See* Doc. 4.) Nei also alleges Travelers violated its statutory (Count II) and common law (Count III) obligations as his insurance carrier and seeks punitive damages (Count IV). (*Id.*) Travelers moves to bifurcate Count I and stay the remaining counts. (Doc. 9.) That motion is denied.

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, "[f]or

1

convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."[1] As the moving party, Travelers has the burden of proving that "bifurcation is warranted." *Frost v. BNSF Railway Co.*, 218 F. Supp. 3d 1122, 1130 (D. Mont. 2016).

Disposition of the present motion is guided by Judge Watters' recent decision in *Routh v. Travelers Cas. Ins. Co. of Am.*, CV 17-42-BLG-SPW, Doc. 17, at 2-5 (D. Mont. Sept. 14, 2017). There, Travelers similarly sought to bifurcate its insured's claim for uninsured motorist coverage from its bad faith claims. Judge Watters determined that bifurcation was not appropriate because the "concern that an insurer may suffer prejudice when it is forced to simultaneously defend bad faith in its handling of the underlying accident and liability for the underlying accident," is not at issue when "liability is not a contested issue." *Routh*, at 6 (citing *Fode v. Farmers Ins. Exch.*, 719 P.2d 414 (Mont. 1986) and *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895 (Mont. 1993)). Judge

---

[1] Consistent with this rule, Montana law allows for actions brought under § 33-18-242, Mont. Code Ann., to be bifurcated "where justice so requires." § 33-18-242(6)(a). *See Malta Pub. Sch. Dist. A & 14 v. Mont. Seventeenth Jud. Dist. Ct., Phillips Cnty.*, 938 P.2d 1335, 1338 (Mont. 1997) (citing considerations of convenience, fairness to the parties, and the interests of judicial economy). Rule 42(b) applies here. *See Routh v. Travelers Cas. Ins. Co. of Am.*, CV 17-42-BLG-SPW, Doc. 17, at 2-5 (D. Mont. Sept. 14, 2017) (discussing the governing law).

Watters further held that judicial economy and convenience did not support bifurcation, because the question of whether the insured suffered physical injury was also relevant to the insured's bad faith claim and resolution of the two claims would depend on similar evidence and witnesses. *Id.* at 7.

Here, as in *Routh*, Travelers does not dispute "that fault for the motor vehicle accident at issue rests with the driver of the other vehicle." (Ans., Doc. 8 at ¶¶ 4, 16.) Given that *Routh* involved the same defendant, the same lawyers, and the same issues, it is curious that Travelers did not mention it in its briefing. Yet, for the same reasons discussed in *Routh*, bifurcation is not appropriate.

Accordingly, IT IS ORDERED that Travelers' motion (Doc. 9) is DENIED. *See also* Fed. R. Civ. P. 1 (requiring the Court and parties construe, administer, and employ the rules to "secure the just, speedy, and inexpensive determination of every action and proceeding").

Dated this 15th day of December, 2017.

Donald W. Molloy, District Judge
United States District Court