Guy W. Rogers
Jon A. Wilson
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
*Attorneys for Defendant The Travelers Home
and Marine Insurance Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| STEVEN NEI,<br><br>    Plaintiff,<br><br>vs.<br><br>THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, AND RELATED TRAVELERS COMPANIES,<br><br>    Defendants. | Cause No.: CV 17-137-M-DWM<br><br>**FIRST AMENDED AFFIRMATIVE DEFENSES OF DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY** |

COMES NOW Defendant The Travelers Home and Marine Insurance Company (hereinafter "Travelers"), by and through its counsel of record, and pursuant to the Court's Order dated January 10, 2018, hereby submits its first amended affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

Travelers denies each and every allegation in Plaintiff's Complaint not specifically admitted, denied, or qualified.

First Amended Affirmative Defenses of Defendant The Travelers Home and Marine Insurance Company - 1

The factual basis of this affirmative defense based on the currently available information is that the original Complaint is 12 pages long and includes 85 paragraphs, many of which include multiple allegations. Travelers intended to respond to all allegations contained in the original Complaint and asserted this defense to make sure no allegation was inadvertently omitted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

One factual basis of this defense based on the currently available information is that Mr. Nei's Count Two – Statutory Violations cannot be brought pursuant to Mont. Code Ann. § 33-18-242(1) to the extent it is based on alleged violations of Mont. Code Ann. § 33-18-201(2), (7), and (14), as Mont. Code Ann. § 33-18-242(1) provides: "An insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of subsection (1), (4), (5), (6), (9), or (13) of 33-18-201."

A second factual basis of this defense based on the currently available information is that Mr. Nei's Count Three – Common Law Claims cannot be brought pursuant to Mont. Code Ann. § 33-18-242(3) to the extent it alleges breach of the covenant of good faith and fair dealing or common law bad faith since Mr. Nei is an insured of Travelers, as Mont. Code Ann. § 33-18-242(3) provides:

> An insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

See also *Brewington v. Employers Fire Ins. Co.*, 1999 MT 312, ¶ 13, 297 Mont. 243, 992 P.2d 237.

### THIRD AFFIRMATIVE DEFENSE

Travelers is entitled to and reserves the right to enforce all credits and offsets regarding Plaintiff's claims to which Travelers is entitled to pursuant to Montana law and the relevant insurance policy language, including but not limited to an offset for moneys paid under medical payments coverage pursuant to *Liedle v. State Farm Mut. Automobile Ins. Co.*, 283 Mont. 129, 938 P.2d 1379 (1997), and a credit for moneys paid under Shirley McDonald's liability coverage pursuant to *Augustine v. Simonson*, 283 Mont. 259, 267, 940 P.2d 116, 121 (1997).

One factual basis of this defense based on the currently available information is that Travelers has now issued payment to Mr. Nei for the entirety of the $15,000 in available Medical Payments coverage benefits, and Travelers is entitled to an offset for this amount in relation to Mr. Nei's claim for Underinsured Motorists coverage (hereinafter "UIM Coverage") benefits pursuant to the reasoning in *Liedle*.

A second factual basis of this defense based on the currently available information is that Mr. Nei was paid the $300,000 liability limits of Shirley McDonald's insurance policy with USAA, and Travelers is entitled to a credit for this amount in relation to Mr. Nei's claim for UIM Coverage benefits pursuant to the reasoning in *Augustine*.

## FOURTH AFFIRMATIVE DEFENSE

Travelers denies and contests the extent of the injuries and damages claimed by Plaintiff.

The factual basis of this defense based on the currently available information is that there is a dispute regarding the extent of Mr. Nei's injuries and damages from the accident at issue based on but not necessarily limited to the following:

- The initial ambulance and emergency room records on the day of the accident do not indicate any loss of consciousness.

- On March 19, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that "he hates trucks and really doesn't care if he goes back to the job or not."

- Mr. Nei did not report any cognitive symptoms until a telephone call to Dr. Gabriel Charbonneau's office on May 6, 2015, at which time Mr. Nei reportedly indicated "he has not been 100% honest when he comes into his appointment" and his "family and friends have noticed increased forgetfulness."

- On July 14, 2015, Kevin P. Scott, PA, with the Montana Spine and Pain Center noted: "[W]e have not really found dramatic findings and I have suggested to him that I would not restrict him in any way in terms of his participation in physical therapy or otherwise given his physical examination and diagnostic studies."
- Dr. Bill Rosen's impression following his first appointment with Mr. Nei on September 1, 2015, included "a grade 3 concussion by report, but without evidence of residual sequelae of significant brain trauma[.]"
- On September 8, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that he "saw Dr. Rosen last week and learned that he does not have a traumatic brain injury[.]"
- On January 5, 2016, Dr. Angela Haugo, DO, noted Mr. Nei "was evaluated by Dr. Rosen to try to determine whether he had a TBI which is considered to be doubtful at this time."

## FIFTH AFFIRMATIVE DEFENSE

Travelers has met all contractual obligations under the terms, conditions, and limitations of policy no. 984800169 101 1 applicable to Plaintiff's claims, whereas Plaintiff has failed to meet all of his obligations under the policy.

One factual basis of this defense based on the currently available information is that Travelers has been actively engaged in the investigation of Mr.

Nei's claims, and there is a dispute regarding the extent of Mr. Nei's injuries and damages at issue based on but not necessarily limited to the following:

- The initial ambulance and emergency room records on the day of the accident do not indicate any loss of consciousness.
- On March 19, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that "he hates trucks and really doesn't care if he goes back to the job or not."
- Mr. Nei did not report any cognitive symptoms until a telephone call to Dr. Gabriel Charbonneau's office on May 6, 2015, at which time Mr. Nei reportedly indicated "he has not been 100% honest when he comes into his appointment" and his "family and friends have noticed increased forgetfulness."
- On July 14, 2015, Kevin P. Scott, PA, with the Montana Spine and Pain Center noted: "[W]e have not really found dramatic findings and I have suggested to him that I would not restrict him in any way in terms of his participation in physical therapy or otherwise given his physical examination and diagnostic studies."
- Dr. Bill Rosen's impression following his first appointment with Mr. Nei on September 1, 2015, included "a grade 3 concussion by report, but without evidence of residual sequelae of significant brain trauma[.]"

- On September 8, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that he "saw Dr. Rosen last week and learned that he does not have a traumatic brain injury[.]"
- On January 5, 2016, Dr. Angela Haugo, DO, noted Mr. Nei "was evaluated by Dr. Rosen to try to determine whether he had a TBI which is considered to be doubtful at this time."

As part of this investigation, Travelers' prior counsel made pre-litigation efforts to schedule independent medical examinations and an examination under oath of Mr. Nei, and the policy provides:

> **B.** A person seeking coverage must:
>
> . . . .
>
> 3. Submit, as often as we reasonably require:
>
>    a. to physical exams by physicians we select. We will pay for these exams.
>
>    b. to examination under oath and subscribe the same.

Mr. Nei and his counsel never agreed to such activities pre-litigation.

A second factual basis of this defense based on the currently available information is that Travelers has been actively engaged in the adjustment of Mr. Nei's claims and has now paid the entirety of the $15,000 in available Medical Payments coverage benefits.

## SIXTH AFFIRMATIVE DEFENSE

Travelers has a basis in both law and fact for its actions in contesting Plaintiff's claims and the amount of Plaintiff's claims pursuant to Mont. Code Ann. § 33-18-245(5).

One factual basis of this defense based on the currently available information is that there is a dispute regarding the extent of Mr. Nei's injuries and damages from the accident at issue based on but not necessarily limited to the following:

- The initial ambulance and emergency room records on the day of the accident do not indicate any loss of consciousness.
- On March 19, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that "he hates trucks and really doesn't care if he goes back to the job or not."
- Mr. Nei did not report any cognitive symptoms until a telephone call to Dr. Gabriel Charbonneau's office on May 6, 2015, at which time Mr. Nei reportedly indicated "he has not been 100% honest when he comes into his appointment" and his "family and friends have noticed increased forgetfulness."
- On July 14, 2015, Kevin P. Scott, PA, with the Montana Spine and Pain Center noted: "[W]e have not really found dramatic findings and I have suggested to him that I would not restrict him in any way in terms of his

- participation in physical therapy or otherwise given his physical examination and diagnostic studies."
- Dr. Bill Rosen's impression following his first appointment with Mr. Nei on September 1, 2015, included "a grade 3 concussion by report, but without evidence of residual sequelae of significant brain trauma[.]"
- On September 8, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that he "saw Dr. Rosen last week and learned that he does not have a traumatic brain injury[.]"
- On January 5, 2016, Dr. Angela Haugo, DO, noted Mr. Nei "was evaluated by Dr. Rosen to try to determine whether he had a TBI which is considered to be doubtful at this time."

A second factual basis of this defense based on the currently available information is that Travelers' prior counsel made pre-litigation efforts to schedule independent medical examinations and an examination under oath of Mr. Nei, and the policy provides:

**B.**   A person seeking coverage must:

. . . .

    3.    Submit, as often as we reasonably require:

        a.    to physical exams by physicians we select. We will pay for these exams.

        b.    to examination under oath and subscribe the same.

Mr. Nei and his counsel never agreed to such activities pre-litigation.

A third factual basis of this defense based on the currently available information is that, as to Mr. Nei's claim for UIM Coverage benefits, Travelers is entitled to an offset for the $15,000 in Medical Payments coverage benefits paid pursuant to the reasoning in *Liedle* and a credit for the $300,000 liability limits of Ms. McDonald's insurance policy with USAA pursuant to the reasoning in *Augustine*.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to either an award of prejudgment interest or an award of attorneys' fees.

One factual basis of this defense based on the currently available information is that there is a dispute regarding the extent of Mr. Nei's injuries and damages from the accident at issue based on but not necessarily limited to the following:

- The initial ambulance and emergency room records on the day of the accident do not indicate any loss of consciousness.
- On March 19, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that "he hates trucks and really doesn't care if he goes back to the job or not."
- Mr. Nei did not report any cognitive symptoms until a telephone call to Dr. Gabriel Charbonneau's office on May 6, 2015, at which time Mr. Nei

reportedly indicated "he has not been 100% honest when he comes into his appointment" and his "family and friends have noticed increased forgetfulness."

- On July 14, 2015, Kevin P. Scott, PA, with the Montana Spine and Pain Center noted: "[W]e have not really found dramatic findings and I have suggested to him that I would not restrict him in any way in terms of his participation in physical therapy or otherwise given his physical examination and diagnostic studies."

- Dr. Bill Rosen's impression following his first appointment with Mr. Nei on September 1, 2015, included "a grade 3 concussion by report, but without evidence of residual sequelae of significant brain trauma[.]"

- On September 8, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that he "saw Dr. Rosen last week and learned that he does not have a traumatic brain injury[.]"

- On January 5, 2016, Dr. Angela Haugo, DO, noted Mr. Nei "was evaluated by Dr. Rosen to try to determine whether he had a TBI which is considered to be doubtful at this time."

A second factual basis of this defense based on the currently available information is that Travelers' prior counsel made pre-litigation efforts to schedule

independent medical examinations and an examination under oath of Mr. Nei, and the policy provides:

> **B.** A person seeking coverage must:
>
> . . . .
>
>     3.    Submit, as often as we reasonably require:
>
>         a.    to physical exams by physicians we select. We will pay for these exams.
>
>         b.    to examination under oath and subscribe the same.

Mr. Nei and his counsel never agreed to such activities pre-litigation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is not allowed or appropriate in this case as the claims are contrary to what is allowed under the provisions of Mont. Code Ann. § 27-1-221. Furthermore, any award of punitive damages would be contrary to the due process and equal protection provisions of both the Montana and U.S. Constitutions. In the event punitive damages are considered in this case, any award of punitive damages must be consistent with the standards expressed by the U.S. Supreme Court in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

One factual basis of this affirmative defense based on the currently available information is that Travelers has been actively engaged in the investigation of Mr.

Nei's claims, and there is a dispute regarding the extent of Mr. Nei's injuries and damages at issue based on but not necessarily limited to the following:

- The initial ambulance and emergency room records on the day of the accident do not indicate any loss of consciousness.
- On March 19, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that "he hates trucks and really doesn't care if he goes back to the job or not."
- Mr. Nei did not report any cognitive symptoms until a telephone call to Dr. Gabriel Charbonneau's office on May 6, 2015, at which time Mr. Nei reportedly indicated "he has not been 100% honest when he comes into his appointment" and his "family and friends have noticed increased forgetfulness."
- On July 14, 2015, Kevin P. Scott, PA, with the Montana Spine and Pain Center noted: "[W]e have not really found dramatic findings and I have suggested to him that I would not restrict him in any way in terms of his participation in physical therapy or otherwise given his physical examination and diagnostic studies."
- Dr. Bill Rosen's impression following his first appointment with Mr. Nei on September 1, 2015, included "a grade 3 concussion by report, but without evidence of residual sequelae of significant brain trauma[.]"

- On September 8, 2015, Mr. Nei reported to Marilyn Murphy, LCPC, that he "saw Dr. Rosen last week and learned that he does not have a traumatic brain injury[.]"

- On January 5, 2016, Dr. Angela Haugo, DO, noted Mr. Nei "was evaluated by Dr. Rosen to try to determine whether he had a TBI which is considered to be doubtful at this time."

As part of this investigation, Travelers' prior counsel made pre-litigation efforts to schedule independent medical examinations and an examination under oath of Mr. Nei, and the policy provides:

> **B.** A person seeking coverage must:
>
> . . . .
>
> 3. Submit, as often as we reasonably require:
>
>    a. to physical exams by physicians we select. We will pay for these exams.
>
>    b. to examination under oath and subscribe the same.

Mr. Nei and his counsel never agreed to such activities pre-litigation.

A second factual basis of this defense based on the currently available information is that Travelers has been actively engaged in the adjustment of Mr. Nei's claims and has now paid the entirety of the $15,000 in available Medical Payments coverage benefits.

DATED this 19th day of January, 2018.

> By: /s/ Jon A. Wilson
> Guy W. Rogers / Jon A. Wilson
> BROWN LAW FIRM, P.C.
> *Attorneys for Defendant The Travelers Home and Marine Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 19, 2018, a copy of the First Amended Affirmative Defenses of Defendant The Travelers Home and Marine Insurance Company was served on the following person(s):

1. U.S. District Court, Missoula Division

2. James T. Towe
   TOWE & FITZPATRICK, PLLC
   619 S.W. Higgins, Ste. O
   P.O. Box 1745
   Missoula, MT 59806

by the following means:

| | | |
|---|---|---|
| _1, 2_ CM/ECF | _____ Fax | |
| _____ Hand Delivery | _____ E-Mail | |
| _____ U.S. Mail | _____ Overnight Delivery Services | |

By: /s/ Jon A. Wilson
Guy W. Rogers / Jon A. Wilson
BROWN LAW FIRM, P.C.
*Attorneys for Defendant The Travelers Home and Marine Insurance Company*